UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LB SURGERY CENTER, LLC d/b/a GREATER LONG BEACH SURGERY CENTER, <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS BLUE SHIELD OF ILLINOIS, and THE BOEING COMPANY EMPLOYEE BENEFIT PLANS COMMITTEE, <br><br> Defendants. | No. 17 C 282 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

Having provided medical services to beneficiaries of Defendant The Boeing Company's ("Boeing") welfare benefit plan and not received payment for the full amount due, Plaintiff LB Surgery Center, LLC d/b/a Greater Long Beach Surgery Center ("LB Surgery) filed suit against Defendants Boeing, The Boeing Company Employee Benefit Plans Committee (the "Plan Administrator"), and Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois ("BCBSIL"). LB Surgery alleges that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by failing to provide benefits in violation of ERISA § 502(a)(1)(B) (Count I), breaching their fiduciary duties of loyalty and care in violation of § 502(a)(3) (Count II), failing to provide a full and fair review of claims in violation of § 503 (Count III), and failing to provide LB Surgery with requested Plan-related documents in violation of § 502(c)(1)(B) (Count IV). Defendants have moved to dismiss the claims against them. Because the Court finds that the anti-assignment provision in the Boeing

welfare benefit plan bars LB Surgery from bringing an action under ERISA, the Court dismisses the first amended complaint with prejudice.

# BACKGROUND[1]

Boeing provides healthcare insurance to its employees through a self-insured welfare benefit plan, The Boeing Company Master Welfare Plan (the "Plan"). ERISA governs the Plan. The Plan Administrator, a committee of Boeing employees, serves as the administrator of the Plan. BCBSIL, a commercial healthcare insurance company, provides administrative services to Boeing for the Plan. Under the Plan, employees have access to BCBSIL's network of providers. These providers are considered in-network providers, meaning they agree to accept negotiated lower amounts for their services. Out-of-network providers, in contrast, are not bound by the negotiated lower amounts, with payment instead based on the usual, customary, and reasonable rate for the service in the same geographic area.

The Plan includes an anti-assignment provision:

> Health care benefits payable under the applicable Component Benefit Programs shall not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or charge by any person, institution, or otherwise. The Plan or any Component Benefit Program may, at the sole and absolute discretion of the Plan Administrator, pay benefits directly to an institution in which the Participant or Dependent has been

---

[1] The facts in the background section are taken from LB Surgery's first amended complaint and are presumed true for the purpose of resolving Defendants' motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). LB Surgery references exhibits in its first amended complaint, but those exhibits are not attached to the first amended complaint. The Court assumes that LB Surgery references the same exhibits it filed in conjunction with its initial complaint and so cites to those here. The Court cautions LB Surgery that an amended complaint supersedes a prior complaint, meaning that all exhibits referenced in the first amended complaint should have been filed with that complaint. *See Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782–83 (7th Cir. 2013) ("[W]hen a plaintiff files an amended complaint, the amended complaint supersedes the original complaint."). Additionally, although a court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, where a document is referenced in the complaint and central to plaintiff's claims, the Court may consider it in ruling on the motion to dismiss. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009).

> admitted as inpatient or to any provider of health care services or supplies in consideration for medical or hospital or dental services or supplies rendered or to be rendered regardless of the presence or absence of an assignment of benefits or other form of benefit directive. The Plan or any Component Benefit Program may also, at the sole and absolute discretion of the Plan Administrator, pay benefit claims directly to a Participant or Dependent regardless of any purported benefit assignment. . . .
>
> No Participant or Dependent may assign to any person, institution, or otherwise his or her right to file a claim and/or an appeal under the Plan's claims and appeal procedures (as described in Section 4.4) or to initiate any action or proceeding (legal, equitable, or otherwise) against the Plan (including the Component Benefit Programs thereunder), Plan Administrator, Company, EBPC, or trustee, including, without limitation, a suit for statutory penalties under ERISA for an alleged failure to provide plan or claim-related documents, with the sole exception of an assignment of the right to appeal an urgent care claim as specifically provided in applicable Department of Labor regulations.

Doc. 32-1 at 19.

LB Surgery operates a surgical center in Long Beach, California that provides gastroenterology, gynecology, ophthalmology, orthopedic, otolaryngology, plastic surgery, podiatry, and urology services. LB Surgery is an out-of-network provider for Boeing beneficiaries. Certain beneficiaries of the Plan, JR, CP, KN, MC, SW, and LF, received medical services from LB Surgery. In exchange for receiving medical services, these beneficiaries executed an assignment of their benefits under the Plan to LB Surgery. The assignment provides, as relevant here:

> I hereby assign my right to assert any and all causes of action for judicial review to Greater Long Beach Surgery Center. This assignment is wholly personal to this entity. My assignee may "stand in my shoes", as that phrase is understood under assignment law. I intend for my personal standing under ERISA's disclosure and civil enforcement procedures under 29 U.S.C. §§ 1024 and 1132 to be hereby transferred to my assignee, so that it may seek judicial review of denied claims and/or disclosure under 29 U.S.C. § 1132(a)(1)(B), 29 U.S.C. § 1132(a)(1)(A), and/or 29 C.F.R. 2560.503-1. This assignment specifically includes an assignment

3

> of my rights to seek relief as a claimant under 29 U.S.C. § 1132(c),
> and my rights to seek attorney fees under 29 U.S.C. § 1132(g).

Doc. 1-1 at 1.

After the beneficiaries received medical services from LB Surgery, LB Surgery billed the beneficiaries and provided BCBSIL with the bills as well. In each case, BCBSIL covered only a portion of the amounts LB Surgery charged, determining that LB Surgery's charges exceeded the allowed amounts payable to a non-participating provider or the priced amount for the services rendered. LB Surgery then filed appeals on behalf of the beneficiaries with respect to the claim denials and also requested the beneficiaries' summary plan descriptions. Defendants have not issued payment for the unpaid charged amounts or provided LB Surgery with the requested summary plan descriptions.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

Defendants argue that the Plan's anti-assignment clause bars all of LB Surgery's claims. In order to bring an action under ERISA, LB Surgery must be a participant, beneficiary, or fiduciary of the Plan.[2] *See* 28 U.S.C. § 1132(a). LB Surgery acknowledges that it does not directly qualify as a participant or beneficiary of the Plan, but instead it seeks to recover as an assignee of the Plan's beneficiaries. The Seventh Circuit has held that "when a 'participant' assigns to a medical provider the right to receive the participant's entitlement under the plan, this makes the provider a 'beneficiary'" under ERISA. *Penn. Chiropractic Ass'n*, 802 F.3d at 928 (citing *Kennedy v. Conn. Life Ins. Co.*, 924 F.2d 698 (7th Cir. 1991)). But a Plan can prohibit assignments, which has the effect of barring the assignee's claims under ERISA. *See Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002) ("[C]laims for welfare benefits . . . are assignable, provided of course that the ERISA plan itself permits assignment, assignability being a matter of freedom of contract in the absence of a statutory bar."); *Kennedy*, 924 F.2d at 700 ("Because ERISA instructs courts to enforce strictly the terms of plans, an assignee cannot *collect* unless he establishes that the assignment comports with the plan."); *DeBartolo v. Blue Cross/Blue Shield of Ill.*, No. 01 C 5940, 2001 WL 1403012, at *5 (N.D. Ill. Nov. 9, 2001) ("A health care provider's right to recover under ERISA as an assignee . . . depends on the health care provider having a valid, enforceable assignment agreement. An assignment is not valid and enforceable if the plan contains an anti-assignment provision."). Here, the Plan contains just such an anti-assignment provision, specifically barring the assignment of the right "to initiate any action or proceeding (legal, equitable, or otherwise) . . .

---

[2] Although courts have often discussed this as an issue of standing, the Seventh Circuit has clarified that the issue should instead be understood as whether the plaintiff's claim "comes within the zone of interests regulated by" ERISA, *i.e.*, whether LB Surgery qualifies as a participant or beneficiary as defined by ERISA. *See Penn. Chiropractic Ass'n v. Indep. Hosp. Indem. Plan, Inc.*, 802 F.3d 926, 928 (7th Cir. 2015).

including, without limitation, a suit for statutory penalties under ERISA for an alleged failure to provide plan or claim-related documents." Doc. 32-1 at 19. In light of this clear anti-assignment provision, LB Surgery cannot proceed on its ERISA claims against Defendants, despite the fact that it received assignments from the six beneficiaries of the Plan named in this suit. *See Univ. of Wis. Hosps. & Clinics Auth. v. Aetna Health & Life Ins. Co.*, 144 F. Supp. 3d 1048, 1053 (W.D. Wis. 2015) (dismissing provider's ERISA claims in light of plan's clear anti-assignment provision); *DeBartolo*, 2001 WL 1403012, at *5.

LB Surgery attempts to overcome the anti-assignment provision with two arguments, neither of which have merit. First, LB Surgery argues that the anti-assignment provision must clearly prohibit the assignment of claims arising after the denial of benefits, relying on two cases from outside this circuit. *See* Doc. 40 at 5 (citing *Lutheran Med. Ctr. of Omaha, Neb. v. Contractors, Laborers, Teamsters, & Eng'rs Health & Welfare Plan*, 25 F.3d 616, 619 (8th Cir. 1994), *abrogated on other grounds by Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966 (8th Cir. 2002), and *Riverview Health Inst. v. UnitedHealth Grp. Inc.*, 153 F. Supp. 3d 1032, 1035 (D. Minn. 2015)). The anti-assignment clauses in the two cases, however, differ from that found here, prohibiting generally the assignment of "rights or benefits" under the Plan instead of, as here, the "right . . . to initiate any action or proceeding (legal, equitable, or otherwise) against the Plan." *See Lutheran Med. Ctr.*, 25 F.3d at 619; *Riverview Health Inst.*, 153 F. Supp. 3d at 1035 (noting that language barring assignment of "claims for benefits" addresses "claim[s] filed with an insurer, not a lawsuit brought against an insurer for denying a claim for benefits"). Because the Plan's anti-assignment provision specifically bars the assignment of the right to "initiate any action or proceeding (legal, equitable, or otherwise)" against Defendants—language

6

barring lawsuits brought against an insurer—even under the Eighth Circuit's narrow reading of anti-assignment provisions, LB Surgery cannot bring its claims under ERISA.

Next, LB Surgery argues that Defendants cannot assert the anti-assignment clause because they did not raise it in their prior dealings with LB Surgery and have made payments directly to LB Surgery for these beneficiaries' claims. But the Plan's anti-assignment clause specifically indicates that direct payments may be made at the discretion of the Plan Administrator notwithstanding the prohibition on assignment. *See* Doc. 32-1 at 19 (providing that "[h]ealth care benefits . . . shall not be subject in any manner to . . . assignment" but that the Plan "may, at the sole and absolute discretion of the Plan Administrator, pay benefits directly to . . . any provider of health care services"). Courts have routinely enforced anti-assignment clauses despite provisions allowing direct payment to providers. *See OSF Healthcare Sys. v. Weatherford*, No. 10-1400, 2012 WL 996900, at *5 (C.D. Ill. Mar. 23, 2012) (retention of discretion to pay provider did not affect enforceability of anti-assignment provision); *Zhou v. Guardian Life Ins. Co. of Am.*, No. 01C 4816, 2001 WL 1631868, at *2 (N.D. Ill. Dec. 17, 2001) (plan indicated that payments to providers did not waive the anti-assignment provision). Failure to raise the anti-assignment provision also has no bearing on determining LB Surgery's ability to sue under ERISA. *See Middlesex Surgery Ctr. v. Horizon*, No. 13-112(SRC), 2013 WL 775536, at *4 (D.N.J. Feb. 28, 2013) ("Whether [the provider] had the right to submit a claim and pursue [an] appeal on [the participant's] behalf is a separate issue entirely from whether [the provider] has the right to sue under § 502(a). In recognizing the former, Defendant has not acquiesced in the latter."); *DeBartolo v. Health & Welfare Dep't of Constr. & Gen. Laborers' Dist. Council of Chicago & Vicinity*, No. 1:09-cv-0039, 2010 WL 3273922, at *5 (N.D. Ill. Aug. 17, 2010) ("Even if [plaintiff] had asserted an ERISA estoppel claim under 29 U.S.C. § 1132(a)(3), the

failure of a representative of the Fund to inform him that the Plan prohibited assignments of medical benefits and the Fund's payment to him would not estop the Fund from enforcing the Plan's unambiguous anti-assignment clause."). Therefore, these arguments do not prevent the application of the anti-assignment provision to keep LB Surgery from being deemed a beneficiary for ERISA purposes.

Finally, LB Surgery argues that even if the Court enforces the anti-assignment provision, it may pursue payment as an authorized representative of its patients. But nowhere in the first amended complaint does LB Surgery claim to be the beneficiaries' authorized representative; instead, LB Surgery brings claims solely as their assignee. Moreover, even treating LB Surgery as the beneficiaries' authorized representative, LB Surgery still does not qualify as a beneficiary under § 1132(a)(1)(B) so as to be entitled to bring suit under ERISA. To qualify as an ERISA beneficiary, LB Surgery must be "entitled to a benefit" under the Plan, not just be "someone authorized to vindicate another's right to benefits." *Univ. of Wis. Hosps. & Clinics Auth. v. Costco Emp. Benefits Program*, No. 15-cv-412-bbc, 2015 WL 9455851, at *2 (W.D. Wis. Dec. 23, 2015). "Representing an ERISA beneficiary does not make a provider an ERISA beneficiary itself." *Id.* Therefore, LB Surgery's alternative theory does not save its claims, and the Court dismisses LB Surgery's claims with prejudice.[3]

---

[3] Because the Court finds that the anti-assignment provision in the Plan bars LB Surgery's claims, the Court need not discuss the additional arguments raised by BCBSIL in support of dismissal.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss [31, 34]. The Court dismisses the first amended complaint with prejudice and terminates this case.

Dated: November 8, 2017

_____
SARA L. ELLIS
United States District Judge